UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ABBI COOP, ) | |
| NICK COOP, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 1:15-cv-01330-RLY-MJD |
| vs. ) | |
| ) | |
| DARCY DURBIN, ) | |
| SONYA SEYMOUR, ) | |
| BETH BRYANT, ) | |
| MELISSA RICHARDSON, ) | |
| JAMES PAYNE, ) | |
| JOHN DOES (1-20), ) | |
| INDIANA DEPARTMENT OF CHILD ) | |
| SERVICES, ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO STRIKE PLAINTIFFS' COMPLAINT FOR DAMAGES**

This matter is before the Court on the *Motion to Strike Plaintiffs' Complaint for Damages* filed by Defendants. [Dkt. 15.] Plaintiffs filed a 47-page, 206-paragraph Complaint alleging multiple civil rights and negligence claims relating to the placement of Plaintiffs in foster homes. Defendants request the Court strike the Complaint for failing to comply with the brevity and simplicity requirement of Rule 8. For the reasons set forth below, the Court **GRANTS** Defendants' Motion.

### I. Background

This is a civil rights and negligence action filed by two former foster children against the Indiana Department of Child Services and related defendants for incidents allegedly occurring during their time in foster care. Defendants assert the 47-page Complaint is a "litany of

1

argumentative, complex, vague and confusing tales" to which they cannot adequately respond. [Dkt. 15 at 1.] Plaintiffs set forth 164 paragraphs of factual allegations that span 37 pages, then incorporate each of them by reference into seven causes of action. Defendants assert the Complaint violates Rule 8 and that attempting to decipher Plaintiffs' allegations would be burdensome and prejudicial to Defendants. In this Motion, Defendants request the Court strike the Complaint and order Plaintiffs to refile an Amended Complaint in compliance with Rule 8.

## II.     Legal Standards

### A.  Requirements of Rule 8

The Federal Rules of Civil Procedure employ a notice-based, rather than fact-based, pleading system. *Hardin v. Am. Elec. Power,* 188 F.R.D. 509, 510 (S.D. Ind.1999) (citations omitted). Rather than requiring the plaintiff to plead all of the facts underlying the alleged claim, the Rules simply require "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Rule 8 pleading standard does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Rule 8(d)(1) echoes 8(a)(2) requiring the allegations to be "simple, concise and direct." Fed. R. Civ. P. 8(d)(1). These two requirements "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Hardin*, 188 F.R.D. at 510 (internal citation omitted).

### B.  Motion to Strike Standard

Motions to strike are generally disfavored because they are seen as tools to delay litigation. *See, e.g., Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, where a motion to strike "removes unnecessary clutter from the case, [it] serve[s] to expedite, not delay." *Id*.  Mere redundancy or immateriality is not enough to trigger

the drastic measure of striking the pleading or parts thereof; in addition, the pleading must be prejudicial to the defendant. *See Talbot v. Robert Matthews Distrib. Co*., 961 F.2d 654, 664 (7th Cir. 1992). Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party. *See Hoffman–Dombrowski v. Arlington International Racecourse, Inc.*, 11 F. Supp. 2d 1006, 1009 (N.D. Ill. 1998).

### III. Discussion

While Defendants view the Complaint as excessively long and confusing, Plaintiffs defend it as appropriately detailed considering the complicated series of events that form its basis. A complaint must provide the opposing party fair notice of the claims and the grounds upon which they rest in a simple and concise manner. *See* Fed. R. Civ. P. 8(d)(1); *See also Hardin*, 188 F.R.D. at 510. Plaintiff's Complaint is neither simple nor concise. Defendants point to Paragraph No. 7 as indicative of the issue that plagues the Complaint:

> The DCS team apparently "investigated" the aforementioned allegations. Despite the multiple, detailed, and repeated disclosures of sexual aggression, sexual assaults, and the sexual acting out between Abbi, Nick, and the other children in the Morgan Residence (not to mention the additional victims on Abbi's list), the DCS team did not substantiate a single allegation. The so-called investigation failed for any number of reasons. For instance, Durbin acknowledges that the only allegation she investigated at the Morgan residence was a singular incident of one or possibly two of the Morgan children "touching" Abbi around her vaginal area but not underneath her clothes. She incredulously claims the DCS team never became aware of "new" information regarding what happened at the Morgan Residence. The DCS team claims it interviewed everyone that could be identified on Abbi's list, but also acknowledges they never once returned to talk to the Morgans or their children. All of the Morgan children (including S.M.) were on the list. The DCS team claims Abbi was investigated as a victim, not a perpetrator, because the allegations involved children within three or four years of each other. This too is not supported by the record. Abbi's list includes numerous infants and small children. The DCS team failed to order or perform a clinical polygraph despite the fact that virtually every other single person involved (including a judge) was anxiously awaiting its results.

[Dkt. 1 at 23.]

Defendant asserts it is unable respond to this paragraph, and the many others like it that are argumentative and complex. Courts in this district have stricken complaints for similar reasons. For example, in *Hardin*, District Court Judge Sarah Evans Barker struck a 31-page, 145-paragraph complaint noting that the plaintiff "used his complaint as both a pleading and argumentative brief." *Hardin*, 188 F.R.D. at 512. The minute detail in the complaint was not only unnecessary, but placed an "unjustified burden on [defendant] to sift through the allegations to ascertain the relevant material." *Id*.

Likewise, in *Mutuelle Generale Francaise Vie v. Life Assurance Co. of Pennsylvania,* the complaint spanned 162 substantive paragraphs in 42 pages. 688 F. Supp. 386, 391 (N.D. Ill. 1988).  Within these paragraphs was "evidence, theories and speculation about the events in issue ... that belong[ed] (if anywhere) in an argumentative brief and not a complaint." *Id.* The court found that this type of a pleading would make it difficult to answer from the defendant's perspective and struck the entire complaint. *See id.* Ultimately, in both of these cases the court struck the complaint and gave the plaintiff leave to amend the complaint to cure the drafting problems.  *See also Vicom, Inc. v. Harbridge Merchant Services, Inc*., 20 F.3d 771, 775 (7th Cir. 1994) (wherein the court found that the complaint "violated the letter and the spirit of Rule 8(a)" and that the district court would have been within its power to dismiss the complaint for that reason).

Plaintiffs rely upon *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) to justify the lengthy factual allegations in their complaint. While it is true that plaintiff must furnish more than a recitation of the elements of a cause of action, the allegations here far exceed this burden. Plaintiffs need only state "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 678. A complaint is plausible

4

on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Moreover, the burden on Defendants to answer such a complaint is unwarranted. *See, e.g. Williams v. Tradewinds Servs., Inc.*, 2011 WL 864811, at *2 (N.D. Ind. 2011). Consequently, the Court will strike Plaintiffs' Complaint and grant leave to file an amended complaint that conforms to Rule 8 standards.

## IV. Conclusion

Based on the foregoing, the Court **GRANTS** Defendants' *Motion to Strike Plaintiffs' Complaint for Damages*. [Dkt. 15.] Plaintiffs shall have twenty-one (21) days from the date of this Order to file an Amended Complaint that complies with Rule 8.

Date: 13 NOV 2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Frederick William Schultz
GREENE & SCHULTZ
fred@greeneschultz.com

Christina Marie Clark
INDIANA ATTORNEY GENERAL
Christina.Clark@atg.in.gov

Jared Robert Jedick
INDIANA ATTORNEY GENERAL
jared.jedick@atg.in.gov

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
jefferson.garn@atg.in.gov

William Joseph Spalding
SPALDING LAW LLC
will@spalding-law.com